## Colonial Trust Company, Appellant, *v*. Foster.

*Mortgage—Void mortgage—Married women—Separable acknowledgment—Valuable consideration—Acts of February 24, 1770, 1 Sm. L. 307, May 12, 1891, P. L. 53, and May 2, 1901, P. L. 126—Evidence.*

1. Where in a scire facias sur mortgage the plaintiff relies upon a mortgage executed by husband and wife in 1871 and not separately acknowledged by the wife, as required by the act of February 24, 1770, the burden is on the mortgagee to show aliunde the recital in the mortgage, that the mortgage was given for a valuable consideration so as to bring it within the several curative acts subsequently passed, and this burden is not met by a recital in the instrument itself when offered in evidence.

2. Such a mortgage, without proof that it was given for a valuable

consideration, is void and unenforceable against the wife, and recitals in it prove nothing affirmatively.

Argued Oct. 20, 1911. Appeal, No. 141, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1906, No. 1,269, for defendant in case of The Colonial Trust Company, Trustee, etc., v. David Foster, Surviving Executor, etc. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Proceedings on a scire facias sur mortgage. Before SHAFER, J.

The opinion of the Supreme Court states the case.

*Error assigned* among others was in giving binding instructions for defendants.

*Oliver K. Eaton,* with him *Wm. M. Galbraith,* for appellant.

*C. F. C. Arensberg,* of *Patterson, Sterrett* and *Acheson,* with them *James H. Gray,* for appellees.—A mortgage of a married woman which is defectively acknowledged so that it is absolutely void as against her is not cured by the act of 1891 without proof outside of the instrument itself that it was given to a bona fide purchaser and for a valuable consideration: Spencer v. Reese, 165 Pa. 158; Beso v. Bldg. & Loan Association, 201 Pa. 355; Zimmerman v. Butler, 9 Pa. Dist. Rep. 287; Lutton v. Hesson, 18 Pa. 109; Graham v. Long, 65 Pa. 383.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

The mortgage was offered in evidence by the plaintiff, and not the record of the mortgage, as stated by the learned trial judge in his opinion overruling the motion for a new trial. The error appears by what was subsequently said in the opinion that "the mortgage was admitted in evidence as being admissible against the husband at least."

The learned counsel for the appellee in their written argument also incorrectly states that the plaintiff offered in evidence "mortgage book containing a record of the instrument;" and the third branch of his argument is based on the fact that the record of the mortgage and not the original instrument was offered in evidence. Both the court and the counsel for the appellee misapprehended the offer which might have been important in a view other than that which we take of the case. The record, duly certified by the trial judge, shows that "plaintiffs' counsel offer in evidence mortgage recorded in Mortgage Book . . . . being a mortgage given by Andrew McQuitty and Martha McQuitty, his wife, being the mortgage described in the sci. fa. Mr. Gray: The defendants object to this offer, because the mortgage is incompetent, showing on its face that it was not acknowledged according to law, and showing on its face that it is not to a purchaser for a valuable consideration within the curative acts. The Court: Is it not a mortgage of both? Yes, sir." We must therefore deal with the question for consideration as if the mortgage itself was in evidence.

The vital and controlling question in the case is whether in a scire facias on a mortgage executed and defectively acknowledged by a married woman in 1871 the burden is on the mortgagee to show that the mortgage was given for a valuable consideration so as to bring it within the several curative acts subsequently passed by the legislature. Martha McQuitty and her husband executed and delivered to a trustee for the use of their children a mortgage dated January 26, 1871. The parties acknowledged the instrument in the usual form but without any separate acknowledgment made by Mrs. McQuitty as required by the Act of February 24, 1770, 1 Sm. L. 307, 1 Purd. 1151. On the trial of the scire facias, issued on the mortgage in 1906, the learned court below being of the opinion that the burden was on the mortgagee to show, aliunde the recital in the mortgage, that he was a purchaser for a valuable consideration and having failed to do so, in-

structed the jury to return a verdict for the defendant. Judgment having been entered on the verdict, this appeal was taken.

The curative Act of May 12, 1891, P. L. 53, 1 Purd. 1165, provides, inter alia, that "no grant, bargain and sale . . . . or other assurance of lands . . . . bearing date prior to the year one thousand eight hundred and ninety, made, executed and delivered by husband and wife to bona fide purchasers for a valuable consideration, and acknowledged before an officer duly authorized by law to take such acknowledgment, shall be deemed, held or adjudged invalid or defective or insufficient in law, by reason of any informality in such acknowledgment, but all and every such grant, bargain and sale . . . . or other assurance so made, executed and acknowledged as aforesaid, shall be as good, valid and effectual in law for transferring, passing and conveying the estate, right, title and interest of such husband and wife, in and to the lands, tenements and hereditaments mentioned in the same, as if all the requisites and particulars of such acknowledgment mentioned in the act" of 1770 were particularly set forth in the certificate, "and the record of the same duly made in the proper office for recording of deeds . . . . shall be legal evidence in all cases in which the original would be competent evidence." Subsequent curative acts are similar in character and the Act of May 2, 1901, P. L. 126, 1 Purd. 1167, includes mortgages theretofore "executed and delivered by husband and wife to bona fide purchasers or mortgagees for a valuable consideration, and acknowledged by them before an officer duly authorized by law to take such acknowledgment."

The power of a married woman to convey her land in this state is conferred by statute which must be complied with in order to enable her to transfer the title. When this mortgage was executed and delivered, the act of February 24, 1770, was in force and conferred upon a married woman the authority to convey or mortgage her real estate provided she and her husband executed the deed or

mortgage and acknowledged it before the proper officer, the wife being examined separate and apart from her husband and declaring that it was her voluntary act. Such an acknowledgment was a prerequisite to the validity of the deed or mortgage of a married woman. Without it her title did not pass to the grantee or mortgagee; the deed or mortgage was absolutely void. Prior to 1891, therefore, the mortgage given by Mrs. McQuitty and her husband in 1871 was void as to her, she not having acknowledged it as required by the act of 1770. The curative acts did not validate all deeds and mortgages theretofore executed and delivered by married women, but only such as had been "executed and delivered by husband and wife to bona fide purchasers or mortgagees for a valuable consideration, and acknowledged by them before an officer duly authorized by law to take such acknowledgment." The validity of the mortgage in this instance therefore depended upon whether it had been given for a valuable consideration. The mortgage of the husband and wife might be in due form and duly acknowledged but, under the curative acts, that was not sufficient to bind the wife; one step more was necessary, the fact that it had been given for a valuable consideration. Therefore to bring the mortgage within the operation of the curative acts it was not sufficient for the mortgagee to show merely the execution, delivery and acknowledgment of the mortgage reciting a consideration, but that he was a mortgagee for a valuable consideration. Stopping short of this prerequisite, his mortgage was void and could not be enforced against the wife. Being void it imposed no obligation upon the wife, and when put in evidence on the trial of the scire facias it did not warrant a recovery against her. It was of no more efficacy than if a sheet of blank paper had been offered and admitted in evidence. A recital in a void instrument affirmatively proves nothing. It is as if it were contained in a mortgage which had not been signed by the wife. The recital therefore in the mortgage was no evidence that the plaintiff was a mortgagee for a valuable consideration.

The right of the plaintiff to recover against Mrs. Mc-Quitty on the scire facias issued on this mortgage depended upon whether the plaintiff was a mortgagee for a bona fide consideration, and the burden was upon him to show the fact, and that burden was not met by a recital in the instrument which had no efficacy until the prerequisite consideration had been established.

The judgment is affirmed.